**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO SANTIAGO HILARIO, | No. 21-13 |
| Petitioner, | Agency No. A205-711-087 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023 **

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Alejandro Santiago Hilario, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

part the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider as untimely where it was filed more than four years after the final order of removal, *see* 8 U.S.C. § 1229a(c)(6)(B), and petitioner has not established that equitable tolling of the filing deadline is warranted, *see Lona v. Barr*, 958 F.3d 1225, 1231-32 (9th Cir. 2020) (no abuse of discretion in BIA's denial of equitable tolling).

Santiago Hilario's contention that there was legal error in the BIA's determination not to reopen proceedings sua sponte fails, *see id.* at 1234 (BIA's denial of sua sponte relief was not premised on legal or constitutional error), and we otherwise lack jurisdiction to review the issue, *see Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**